## WESTERN UNION TELEGRAPH COMPANY *v.* WAXELBAUM & COMPANY.

1. While the sendee of a telegraphic message has a right of action against the company for any damages he may sustain in consequence of its negligence in the transmission of a message to him, he is bound by the reasonable terms of the contract made between the company and the sender of the message.

2. Where one delivers for transmission to a telegraph company a message written on the blank of another company, the blank containing printed instructions that the message shall be sent subject to the terms and conditions printed on the back thereof, the reasonable conditions therein set out are binding, notwithstanding they are in the form of a contract with a company other than the one to which the message is delivered. The delivery and acceptance of such a message is in effect an adoption by the parties of the blank contract made in the name of the other company.

3. A provision in such a contract, that the company will not be liable for damages or statutory penalties in any case where the claim is not presented in writing within sixty days after the message is filed for transmission, is reasonable and binding.

4. The evidence failing to disclose in what amount, if any, the plaintiffs were damaged, the court erred in directing a verdict in their favor for the definite amount for which suit was brought.

Argued June 15,—Decided July 20, 1901.

Action for damages. Before Judge Felton. Bibb superior court. November 23, 1900.

*Guerry & Hall* and *W. F. Blue*, for plaintiff in error.
*Hardeman, Davis, Turner & Jones*, contra.

Lewis, J. In November, 1898, Waxelbaum & Company, a firm doing business in Macon, Ga., telegraphed to Kennard & Company, of Chicago, to ascertain the price of eggs. In reply they received the following telegram: "Telegram received market higher advancing fifteen and half lowest to-day quick telegram." It seems to be conceded that the original message as delivered for transmission to the Western Union Telegraph Company (the plaintiff in error) by Kennard & Company in Chicago read "sixteen and half," instead of "fifteen and half," and that an error was made by some employee of the telegraph company in the transmission of the message. On the faith of the telegram as received by them, Waxelbaum & Company ordered a large shipment of eggs from Kennard & Company, and when they came discovered for the first time that the price was sixteen and a half cents per dozen. They took the eggs, how-

ever, at the advanced price, and, it seems, disposed of them in Ma-
con.   Later they sued the telegraph company in a justice's court
of Bibb county, for breach of contract, for $75, the amount alleged
to have been lost by them on account of the negligent failure to
properly transmit the telegram.   The defendant filed an answer
denying indebtedness, and setting up that the plaintiffs had failed
to comply with a clause in the written contract between the com-
pany and the sender of the message, stipulating that the company
would not be liable for damages or statutory penalties in any case
where the claim was not presented in writing within sixty days
after the message was filed with the company for transmission.
Judgment was rendered for the plaintiffs in the justice's court, and
the defendant appealed to a jury in the superior court.   After hear-
ing the evidence, the judge of the superior court directed a verdict
for the plaintiffs for the full amount sued for, and the defendant ex-
cepted.   The original message sent by Kennard & Company, which,
by consent, was sent to this court with the bill of exceptions, was
written on a blank of the Postal Telegraph-Cable Company, and de-
livered by the sender to an agent of the Western Union Telegraph
Company in Chicago.   At the top of the blank, just preceding the
written message, are the following words: "Send the following mes-
sage, without repeating, subject to the terms and conditions printed
on the back hereof, which are hereby agreed to."   Among the con-
ditions referred to is one as follows:  "This company will not be
liable for damages or statutory penalties in any case where the claim
is not presented in writing within sixty days after the message is
filed with the company for transmission."

1, 2.  It is hardly necessary to argue the very evident legal
proposition that where, as in the present case, the sendee of a tele-
graphic message sues the telegraph company for a breach of a con-
tract entered into between the company and the sender of the mes-
sage, he is bound by all the reasonable conditions embodied in that
contract.   See *Stamey* v. *W. U. Tel. Co.*, 92 *Ga.* 613.   And it can
make no difference, as was contended by counsel for the defendants
in error, that the original message was written on a blank of a dif-
ferent company from the one which received and transmitted the
telegram.   It is true that the printed contract on the back of the
blank was in the name of the Postal Telegraph-Cable Company,
and recited that that company was to transmit and deliver the mes-

sage subject to the terms and conditions therein set out; but Kennard & Company took the message to the Western Union Telegraph Company, and explicitly directed it to "send the following message, without repeating, subject to the terms and conditions printed on the back hereof, which are hereby agreed to." The Western Union Telegraph Company accepted and undertook to transmit the message on those terms. The parties, then, adopted the Postal Telegraph-Cable Company's form of contract, and it necessarily follows that they, together with the sendee, are bound by its reasonable terms and conditions.

3. It is not denied that the plaintiffs below failed to file in writing a claim against the telegraph company within sixty days after the message was filed with it for transmission by Kennard & Company, nor is any attempt made to explain their non-compliance with the clause in the contract making such requirement one of the terms of the acceptance of the message by the company. That this clause of the contract was reasonable, and therefore obligatory, is not open to question. *Hill* v. *W. U. Tel. Co.*, 85 *Ga.* 425, citing *Brown* v. *Ins. Co.*, 24 *Ga.* 97, and *Underwriters Agency* v. *Sutherlin*, 55 *Ga.* 266. See also *Melson* v. *Ins. Co.*, 97 *Ga.* 722; *Massachusetts Assn.* v. *Robinson*, 104 *Ga.* 272.

4. The record discloses an entire failure on the part of the plaintiffs to prove in what sum, if any, they were damaged. While the document attached to the justice's court summons sets out the indebtedness of the defendant to the plaintiffs as $75, there is no evidence to sustain this allegation. It does not appear how many of the eggs shipped to them by Kennard & Company were sold by the plaintiffs, or at what prices they were sold. On the contrary, one of the plaintiffs testified to his inability to state at what price the eggs were sold. It is not satisfactorily shown that, if the telegram had been properly transmitted, the plaintiffs would have received any more for the eggs than they did receive. It is to be presumed that they exacted the highest market prices on the eggs which they did sell. Having failed completely to prove any definite amount in which they had suffered through the alleged negligence of the defendant, they were not entitled to have a verdict directed in their favor for the entire sum for which they sued.

*Judgment reversed. All the Justices concurring.*