## 4377.  WESTERN UNION TELEGRAPH COMPANY
### *v.* FITTS.

1. The evidence was sufficient to show a waiver of the condition of the contract, printed upon the telegraph blank, which required the claim for damages to be presented in writing. The testimony that the telegraph company received an oral demand, and, within a week after the message was sent, acted upon it and investigated the claim, is undisputed.

2. "Where a rule of a foreign telegraph company doing business in Georgia required persons damaged by failure to properly transmit messages to present their claim for damage within sixty days thereafter to some agent of the company, authorized to exercise its corporate powers in relation to the subject-matter of the claim, a presentation of such a claim to the resident agents who made the contract and transmitted the message was sufficient." *Western Union Telegraph Co.* v. *Blanchard*, 68 *Ga.* 300 (45 Am. R. 480). And though the agent is not bound to recognize an oral demand, if he does so, making no objection upon the ground that it is not in writing, a waiver of the written demand will result.

3. Whether a known right was or was not waived is a question of fact to be determined by the jury, on consideration of all the evidence submitted upon that point.

4. Where, within sixty days after a message was filed with a telegraph company for transmission, the sender presented to the company's agent with whom the message was filed an oral claim for damages because of its non-transmission or delay, and, from the action of the company upon the oral demand, a waiver of the requirement that the claim be presented in writing within sixty days must be implied, the company was

   not restored to its original right to insist upon a written claim for damages merely because, after the expiration of the sixty days, the sender's attorney transmitted to the telegraph company a claim in writing, in which the damages were specifically set forth and enumerated.

5. The evidence authorized the finding of the jury, and there was no error in overruling the certiorari.

DECIDED AUGUST 25, 1913.

Certiorari; from Carroll superior court—Judge R. W. Freeman. July 10, 1912.

*S. Holderness, Dorsey, Brewster, Howell & Heyman,* for plaintiff in error.

*C. E. Roop,* contra.

RUSSELL, J. Fitts sued the Western Union Telegraph Company, in a justice's court, for damages on account of the non-delivery of a message he had delivered to the defendant's agent at Carrollton, Georgia, to be transmitted to one Cobb at Brookhaven, Mississippi. Upon the trial the jury returned a verdict in favor of the plaintiff. The defendant sued out a certiorari, which was overruled by the judge of the superior court. There are various assignments of error in relation to the judgment of the trial court, but all of them were abandoned upon the hearing in the superior court except two: (1) that the verdict is contrary to the evidence and without evidence to support it, and (2) that the verdict is contrary to evidence in that it was not shown that within sixty days from the date when the message was filed for transmission, the plaintiff presented in writing his claim for damages.

We shall consider these propositions in reverse order, because unless the requisite notice of the claim was given in writing, or the requirement that the claim should be in writing was waived, the plaintiff would have had no right of action, and it would not be necessary to determine whether the verdict was authorized upon other grounds. A condition upon the blank, upon which the plaintiff's message was presented for transmission, is as follows: "The company will not be liable for damages or statutory penalties in any case where the claim is not presented in writing within sixty days after the message was filed with the company for transmission." In *Hill* v. *Western Union Telegraph Co.,* 85 *Ga.* 425 (11 S. E. 874, 21 Am. St. R. 166), it was held that a like stipulation was both reasonable and obligatory; and that when the plaintiff used for his message the blank containing the stipulation, he thereby

agreed to it, and it became a part of his contract. See, also, *Western Union Telegraph Co.* v. *James,* 90 *Ga.* 254 (16 S. E. 83); *Stamey* v. *Western Union Telegraph Co.,* 92 *Ga.* 613 (18 S. E. 1008, 44 Am. St. R. 95); *Western Union Telegraph Co.* v. *Waxelbaum,* 113 *Ga.* 1017 (39 S. E. 443, 56 L. R. A. 741). It was admitted upon the trial that no written claim was presented within the sixty days stipulated in the contract. The only question is whether an agent of the company waived the requirement that the claim should be in writing; and if so, whether the agent was authorized to bind the company by this waiver. We do not concur in the views of the learned counsel for the plaintiff in error that it was held in the *Hill* case, supra, that an agent of the telegraph company can not waive the time and accept a notice of a claim for damages after the expiration of sixty days. On the contrary, we think that if the agent is authorized to waive at all and to bind his principal by the waiver, the time within which the claim for damages may be presented can as well be waived as the mode of its presentation. There is nothing to the contrary in the ruling of Chief Justice Bleckley in the *Hill* case. He was dealing with a case like the one now before us, in which the claim for damages, though presented within sixty days, was not in writing; but the question of a waiver of the time was not before the court, and the learned Chief Justice did not rule upon this point. In discussing the case he merely alludes (in confining his ruling to the proper limits) to the fact that a waiver of the time was not involved. After stating that the "telegraph company was entitled to have a claim for damages presented in writing within sixty days after the message was sent," he proceeded to say, "We think that right could be waived, and that the evidence in the record tended to prove that it was waived, not indeed as to the time, but as to the mode of making the demand." The waiver insisted upon in the case at bar must, for the same reason, be confined to the "mode of making the demand," because there is in the record no evidence of a waiver of the condition that the demand should be presented within sixty days. The evidence shows that within a week after the message was filed for transmission Fitts orally presented his claim for damages to the operator of the company with whom he had filed the message. The operator accepted this as a sufficient demand for damages, and so treated it. Without requiring that the claim

should be made in writing, he took the matter of adjusting the claim up with the superintendent of the company, and repeatedly informed Fitts that the claim was being investigated and was only delayed on account of change of superintendents of the company. The first time that the plaintiff made a claim for damages the agent of the company offered to return to the plaintiff the amount he had paid for sending the message; but, as he could not pay more than this, he stated that he would at once take the matter up with the superintendent. Upon several occasions, about every week thereafter, the plaintiff approached the agent of the telegraph company and inquired if he had received instructions from the superintendent. And while he was told that the agent had as yet received no instructions, he was informed each time that the matter was up for investigation, and that as soon as the investigation was completed he would notify the plaintiff. According to the plaintiff's testimony, the agent several times informed him that his claim was being investigated, and that the only cause of the delay was the change in superintendents. It appears from the record that the agent of the company had in fact informed the superintendent, by letter, of the plaintiff's claim for damages. We think that under this evidence the jury was clearly authorized to infer a waiver of the requirement that the claim for damages should be put in writing.

The local agent could waive the stipulation as to writing. The Supreme Court has ruled in *Western Union Telegraph Co.* v. *Blanchard, 68 Ga.* 299 (45 Am. R. 480), that the demand for damages could be made upon the agent of the company on duty at the place from which the telegram was sent; and this ruling was reiterated in *Hill* v. *Western Union Telegraph Co.*, supra. Chief Justice Bleckley, in the *Hill* case, supra, said: "The agent was not bound to recognize an oral demand. But if he did so, making no objection to it on the ground that it was not in writing, we think it was sufficient." Counsel for the plaintiff in error attempted to draw a distinction between the *Hill* case and the case at bar, because in the *Hill* case there was, after the investigation, a refusal to pay. The fact that the plaintiff in the present case was compelled to bring suit upon the claim for damages now before us would seem to indicate that there was in this case a refusal to pay. But whether there was or not is immaterial. If an agent upon

whom the claim could properly be made recognized the oral demand as sufficient, and followed this up by informing his superintendent of the claim, so that the superintendent could or· did make an investigation into the merits of the claim, with a full understanding of the nature of the claim upon which it was insisted that the company was liable, a waiver of the condition that the claim should be in writing might be implied. The officers properly charged with the settlement of claims had received notice of this particular claim, and all had been accomplished by the oral notice that could have obtained in case the claim had been put in writing.

The assumption that a waiver results only in case the company refuses to pay the claim is wholly foreign to the rule of reason upon which the waiver rests. The purpose of having the claim in writing is to bring notice to the proper officers of the company of the existence of the claim, so that they can investigate and determine whether they will pay the claim or resist its collection. Proof of a refusal to pay a claim is admissible as a circumstance from which knowledge of the claim may be implied, but if it appears aliunde in any case that a telegraph company accepted notice of a claim for damages which was not in writing, and (thereby waiving written notice) actually investigated the merits of the claim, the question of a refusal to pay, or as to the company's reason for refusing to pay the claim, might be irrelevant. Proof that the telegraph company offered to pay a part of a particular claim would as much imply a waiver of the requirement that the claim should be presented in writing as would proof of refusal to pay at all; but even if such testimony should be objectionable, as being evidence of a compromise, still the fact that the company had· investigated the claim after oral notice might authorize the inference that the stipulation that notice of the claim should be in writing had been waived. As was held in *Carter* v. *Southern Railway Co., 3 Ga. App.* 35 (59 S. E. 212): "The purpose of the written notice is to advise the carrier and inform him of the nature of the demand against him. Such a stipulation of the contract may be waived; and if the carrier's agent, without objection to the form of the notice, receives and acts upon an oral notice, a waiver as to the requirement of its being in writing results."

The facts of the present case distinguish it from those in *Postal·*

*Telegraph-Cable Co.* v. *Moss*, 5 *Ga. App.* 503 (63 S. E. 590), cited by counsel. In that case the claim for damages, if made at all, was in writing; but in the telegram sent by Moss & Company for that purpose the statement was made that the senders of the message would later make claim for the loss occasioned them. There was evidence in that case that the plaintiff daily transmitted numerous telegrams over the lines of the defendant company. The message which the plaintiffs in that case later insisted was a claim for damages referred to several transactions and to more than one message, not identified otherwise than as being the occasion of loss. It was impossible for the telegraph company to know upon which one of these messages the claim of damages was based. Upon such a state of facts this court held that the claim presented, whether in writing or orally (if the writing be waived), should not only identify the message, but should also set forth the nature and extent of the plaintiff's demand so clearly as to enable the telegraph company to ascertain whether it is liable, and the extent of its liability. No point is made in the present case upon these features of the notice. So far as appears from the record, the plaintiff has never sent but one message; and it is not disputed that he stated to the agent the nature and amount of his claim just as fully as it is set forth in the declaration.

The other points raised in the record are ruled in the headnotes. The plaintiff established the amount of his damages as returned by the jury; and there was no error in overruling the certiorari. The insistence that under the terms of the contract no agent of the telegraph company could waive the stipulation as to the written presentation of the claim for damages was not sufficiently specifically presented, in the assignments of error in the petition for certiorari, to call for an adjudication upon the point in the lower court, and therefore can not be considered here.

*Judgment affirmed.*