8534.  WESTERN UNION TELEGRAPH COMPANY *v.* PETTEWAY.

WADE, C. J.  1.  The petition as amended, which claimed nominal damages for the negligent failure to deliver an interstate telegraphic message from Portsmouth, Virginia, to Gainesville, Georgia, was not subject to general demurrer

2.  The interstate night-letter, for the non-delivery of which damages were

sought, was by agreement sent subject to the terms printed on its back, which provide that "unless otherwise indicated on its face, this is an unrepeated night-letter, and paid for as such;" and nothing is "otherwise indicated on its face." Hence it is an "unrepeated" message. The terms of the contract further provide that the telegraph company "shall not be liable for mistakes or delays in the transmission or delivery, or non-delivery, of .any unrepeated night-letter, beyond the amount received for sending the same;" and shall not be liable for mistakes or delays in the transmission or delivery of any repeated night-letter beyond fifty times the sum received for sending it, "unless specially valued." Construing the contract *as a whole*, it is apparent that the further stipulation therein that the company shall not be liable "beyond the sum of $50, at which amount this night-letter is hereby valued," etc., has reference solely to "repeated" night-letters, and not to "unrepeated" night-letters; and the liability of the telegraph company on this *unrepeated* night-letter is therefore fixed by the agreement at the sum received for its transmission.

3. By repeated adjudications it is now established that under the act of June 18, 1910, 36 Stat. 539 (U. S. Comp. St. 1916, § 8563), Congress has taken possession of the field of interstate commerce by telegraph (see Gardner *v.* Western Union Telegraph Co., 231 Fed. 405 (4), 145 C. C. A. 399); and it has been repeatedly held that under the provisions of that act the classification of messages into unrepeated and repeated telegrams, and the charging of different tolls for such messages, is permissible, and that the stipulation set forth above, requiring the payment of an additional charge for the transmission of a repeated message, is a valid and enforceable stipulation. See Kirsch *v.* Postal Telegraph-Cable Co., 100 Kan. 250 (164 Pac. 267); Poor *v.* Western Union Telegraph Co., 196 Mo. App. 557 (196 S. W. 28); Western Union Telegraph Co. *v.* Lee, 174 Ky. 210 (192 S. W. 70); Meadows *v.* Postal Telegraph-Cable Co. (N. C.), 91 S. E. 1009.

4. The stipulation requiring the payment of an additional charge for the transmission of a repeated message being a valid and reasonable regulation (Primrose *v.* Western Union Telegraph Co., 154 U. S. 1, 14 Sup. Ct. 1098, 38 L. ed. 883), the sender, by declining to pay this extra charge and sending the message as an "unrepeated" message, himself assumed the risk of non-delivery, and could therefore only recover, as stipulated in the contract, the amount received by the defendant for such transmission.

5. Under the foregoing rulings the verdict for $50 was unauthorized, and the court erred in overruling the motion for a new trial.

6. The remaining special grounds of the motion for a new trial need not be passed upon.

*Judgment reversed. Jenkins and Luke, JJ., concur.*

DECIDED JANUARY 31, 1918.

Action for damages; from city court of Hall county—Judge Wheeler. January 30, 1917.

*Brewster, Howell & Heyman, Mark Bolding,* for plaintiff in error. *C. N. Davie, E. D. Kenyon,* contra.