12832.   MAGGIONI *et al. v.* POSTAL TELEGRAPH-CABLE COMPANY.

BROYLES, C. J.   1.  The petition was subject to the general demurrer and
to the first four grounds of special demurrer interposed, and the court
did not err in dismissing the case.   See, in this connection, ·*Western
Union Tel. Co.* v. *Petteway,* 21 *Ga. App.* 725, 726 (94 S. E. 1032), and
cit.; *Western Union Tel. Co.* v. *Waxelbaum,* 113 *Ga.* 1017 (39 S. E. 443,
56 L. R. A. 741); *Primrose v.* Western Union Tel. Co., 154 U. S. 1 (14
Sup. Ct. 1098, 38 L. ed. 883); Gardner *v.* Western Union Tel. Co., 145
C. C. A. 399 (231 Fed. 405); Western Union Tel. Co. *v.* Esteve, 255
U. S. (41 Sup. Ct. 584, 65 L. ed.    ); Postal Telegraph-Cable Co. *v.*
Warren-Godwin Lumber Co., 251 U. S. 27 (40 Sup. Ct. 69, 64 L. ed. 118).·
2.  The first four grounds of special demurrer were properly sustained, and
the plaintiffs made no effort to amend the petition to meet these grounds,
nor did they request time to amend.   Furthermore, the bill of excep·
tions contains no assignment of error upon the failure to allow time for
such amendment.   Under these circumstances the point, made in the
brief of counsel for the plaintiffs, that the judge erred in not allowing
time in which to amend the petition, will not be considered.   See, in
this connection, *Ripley* v. *Eady,* 106 *Ga.* 422 (2) (32 S. E. 343); *Dixon
v. Mayor &c. of Savannah,* 20 *Ga. App.* 523, 524 (93 S. E. 274).
(*a*)  The last ground of special demurrer (paragraph 6) was not sufficiently
specific, and the court erred in sustaining it.   However, under the facts
of the case, this error was not material and does not require a reversal
of the judgment dismissing the petition.
3.  The plaintiffs sued for special damages only, and therefore were not
entitled to recover nominal damages; nor was the cost of the tele-
gram (which the petition shows was paid by the sender and not by
the plaintiffs) included in the items of special damages sued for.
           *Judgment affirmed.   Luke and Bloodworth, JJ., concur.*
                    DECIDED JANUARY 17, 1922.

Action for damages; from city court of Savannah — Judge Freeman.  August 12, 1921.

Application for certiorari was denied by the Supreme Court.

The petition was as follows:

" The petition of ·G. Phillip Maggioni and Joseph O. Maggioni, copartners, doing business under the name of L. P. Maggioni & Company, respectfully shows as follows, to wit:

" 1st.   That Postal Telegraph-Cable Company is a corporation having an office, agent and place of business in Chatham County.

· " 2d.   The said Postal Telegraph-Cable Company (hereinafter called defendant) is engaged in the business of forwarding, for a consideration, telegrams and messages over its various lines of telegraph wires, and, among other branches of its public service, maintained an office and agent in the City of Anniston, in the State of Alabama, where it likewise solicits from the general public the business of transmitting messages by telegraph from that point to Savannah, Georgia, and other points, and so maintained its said system of telegraph wires and offices on the date hereinafter mentioned.

" 3d.   That your petitioners are wholesale dealers in fish in the City of Savannah and have for years past been engaged in such business and a customer of the said defendant corporation, with whom. they have maintained a credit account entitling them to receive and transmit telegrams without prepayment of the charges on such messages, and were so engaged in the business aforesaid on the date hereinafter named.   Petitioners have built up a business supplying fish at wholesale to interior points in the States of Georgia, South Carolina, and Alabama, and use largely telegraph utilities for the purpose of receiving orders for fish and in filling the same.

." 4th.   Petitioners show that on October 8th, 1917, the White Star Fish Market, a customer of petitioners, located at Anniston, Alabama, filed a night lettergram in the Anniston, Alabama, office of the defendant corporation, addressed to your petitioners at Savannah, Georgia, ordering from them, among other commodities, three barrels of mullet, a copy of the said telegram being hereto attached, marked Exhibit ' A ' and made a part hereof.

" 5th.   This message was delivered to petitioners on October 9th, 1917, but, through the negligence and carelessness of the said defendant corporation, which had agreed to safely and properly trans-

mit and deliver the said message for a valuable consideration, the said defendant corporation transmitted and delivered the said message incorrectly, to wit, by transmitting the said message to read that the said White Star Fish Market ordered from petitioners thirty barrels of mullet instead of three barrels, as the said White Star Fish Market had in fact so ordered.

" 6th.  Your petitioners further show: that upon receipt of said message your petitioners expressed to defendant's agents and employes in its Savannah, Georgia, office, some doubt as to the correctness of the verbiage of said telegram as delivered, and thereupon ordered the said defendant corporation to repeat the said message to its Anniston, Alabama, office, and, if there was a mistake, to confirm the same, as it was necessary for the said shipment of fish to leave Savannah on No. 1 Central train Thursday morning, for its delivery in Anniston, Alabama, on Friday morning.  The said defendant corporation in Savannah thereupon agreed to repeat said message from its Anniston, Alabama, office, ascertain its correctness, and to notify your petitioner at Savannah, Georgia, if the telegram so delivered by it was incorrect.  Thereafter petitioners did not receive from defendant any further information that the telegram so delivered to them had been erroneously transmitted, or that there had been any error therein, and, believing that the said telegram was the true and correct order of the said White Star Fish Market, and desiring to fill the order of their customer by shipping at the time necessary to make delivery as aforesaid, thereupon shipped to the said White Star Fish Market at Anniston, Alabama, on Thursday morning, October 11th, 1917, thirty barrels of mullet as required by the said order, marked Exhibit ' A '.

" 7th.  Your petitioners further show that when said shipment of fish was received at Anniston, Alabama, twenty-seven barrels of the same were refused by the consignee, as they had only ordered three barrels of fish.  The Southern Express Company, by whom the said fish had been forwarded to destination upon the refusal of the consignee to accept the same, thereupon sold said fish for $308, the express thereof being the sum of $10.70.  The value and agreed price of said shipment of fish was $510.  Petitioners' actual loss by reason thereof is $212.70, besides the sum of $60.90 paid to the Southern Express Company as transportation charges on said 27 barrels of fish, making a total of $272.70.

." 8th. If petitioners had been notified of said error before shipment, they would not have shipped said 27 barrels of fish and sustained the loss aforesaid. More than a reasonable time for ascertaining said error by defendant elapsed between the time said request for the repetition of said telegram was made and the shipment on October 11th.

" 9th. Petitioners show that the loss of said fish and the damage sustained by said loss was caused solely through the negligence of the said defendant corporation: 1st, by carelessly and negligently originally transmitting the said message erroneously; 2d, in failing to ascertain its error and correct the same; 3d, in neglecting, failing and refusing to repeat said message after it had agreed to do so with plaintiffs; 4th, in failing and refusing to notify your petitioners of the mistake after it could have ascertained its error.

" 10th. Petitioners have demanded from said defendant payment of the said sum of $273.60, which said defendants fail and refuse to pay.

" Wherefore, petitioners pray that they may have judgment against said defendant in said sum, with interest from the 15th day of October, 1917, against said defendant, and that process may issue requiring the said defendant to be and appear at the next May, 1918, term of the city court of Savannah, to answer petitioners' complaint."

Exhibit " A " is as follows: " Anniston, Ala., Oct. 8, '17. Rush first express 5 barrels pike and bass large and small one barrel sheephead flounders, ten gallon select oysters one mullet at once thirty barrels mullet to arrive Anniston Friday morning wire if ship or not am depending on you. [Signed] White Star Fish Market."

The grounds of the demurrer were as follows: " (1) Said petition, in manner and form as the same is pleaded, fails to set forth a good and sufficient cause of action under the law. (2) Because the said petition fails to set forth the amount of the alleged valuable consideration moving to this defendant for the transmission of said message. (3) Because the said petition fails to set forth whether the agreement alleged in paragraph 5, to safely and properly transmit and deliver the message referred to therein, was express or implied, or, if express, whether existing in parol or in writing, and, if in writing, fails to attach copy of said agreement or to set forth the substance of the same. (4) Defendant demurs be-

cause it is not alleged whether the agreement or understanding to repeat the message referred to in paragraph 6 of said petition was express or implied, and, if express, whether in writing or in parol, and, if in writing, fails to set forth a copy of the agreement or the substance of the terms thereof. (5) Defendant further demurs to the said petition wherein it undertakes to complain of the alleged failure on the part of this defendant to repeat said message, it not being alleged whether, under the contract between this defendant and the sender of said message, the same was to be sent as a repeated message, and no consideration being alleged for any undertaking on the part of this defendant with the plaintiffs to cause said message to be repeated, and it not being set forth anywhere in said petition that the tolls for a repeated message were paid. (6) Because the allegations as to the amount of damage suffered by the plaintiffs are not sufficient, under the law, to show that the amount prayed for is the lawful measure of damage, or that said amount could be lawfully recovered herein."

*David S. Atkinson, Lawrence & Abrahams,* for plaintiffs.

*Travis & Travis,* for defendant.