32294.  QUAKER CITY FIRE AND MARINE INSURANCE COMPANY *v.*
WESTERN UNION TELEGRAPH COMPANY INC.

PARKER, J.  1. A stipulation on the message blank of a telegraph company
doing business in Georgia, that "The Company will not be liable for
damages or statutory penalties in the case of any message . . where
the claim is not presented in writing to the Company within sixty
days after the message is filed with the Company for transmission,"
is reasonable and valid, and one using the message blank containing
the stipulation for filing a message agrees to such stipulation and is
bound thereby. *Hill* v. *Western Union Telegraph Co.,* 85 *Ga.* 425 (1, 2)
(11 S. E. 874, 21 Am. St. R. 166); *Western Union Telegraph Co.* v. *Waxel-
baum,* 113 *Ga.* 1017 (39 S. E. 443, 56 L.R.A. 741). The giving of such
notice is a prerequisite to the bringing of an action for damages for
failure to deliver the message, unless such notice be waived by the
company. *Western Union Telegraph Co.* v. *Fitts,* 13 *Ga. App.* 248, 249
(79 S. E. 156).

2. Allegations in the petition, that a letter sent by the plaintiff to the
defendant after the filing of the message and within the 60-day period,
requesting that the defendant furnish information that the message
was delivered to the sendee, and that in a second letter sent also within
the 60-day period, the plaintiff reminded the defendant of the first letter
and its contents and stated: "in your letter of April 28 you advised
that you were making an investigation, and just as soon as it had been
completed you would give us a full report. We hope you are in posi-
tion to give us this report," do not show a notice to the defendant
telegraph company sufficient to inform it that a claim is being made
against it. Such correspondence does not meet the requirement that
"the claim must not only be in writing, but the message for the non-
performance or nondelivery or miscarriage of which damages are claimed
must be identified, the negligence complained of must be stated," and
that "the telegraph company should be fairly informed of the nature
and extent of the claimant's demand. The claim itself should be filed,'
and not merely notice of a claim be given." *Postal Telegraph Co.* v.
*Moss,* 5 *Ga. App.* 503, 513 (63 S. E. 590).

3. Where, under the allegations of the petition, one has filed a message for
transmission by the company as aforesaid, and thereafter communicates
by mail with the telegraph company requesting that the company
furnish evidence that the message was delivered to the sendee, and
where the agent of the company replied by mail acknowledging receipt
of the request, and stating that "an investigation has been started and
just as soon as it has been completed we will give you a full report on
the above matter," and where later the company's agent wrote, "We
are pleased to advise that the above telegram was delivered promptly
by telephone," the petition does not show a waiver by the company of
the contractual requirement that notice of a claim be given in writing
within 60 days, where the other allegations of the petition are otherwise
insufficient to show an actual presentation of a claim, and some action
by the telegraph company reasonably calculated to lead the plaintiff
to believe that a claim would be acted on without further formal
presentation.

768

4. The court did not err in sustaining the general demurrer and in dismissing the action.

*Judgment affirmed. Sutton, C. J., and Felton, J., concur.*

DECIDED FEBRUARY 17, 1949. REHEARING DENIED MARCH 18, 1949.

*Smith, Partridge, Field, Doremus & Ringel, Ogden Doremus,* for plaintiff.

*Farkas & Burt,* for defendant.