Estate of Landauer: Holty, Claimant and Appellant, vs. Landauer and others, Executors and Respondents.*

*June 3—July 3, 1953.*

* Motion for rehearing denied, with $25 costs, on September 11, 1953.

458

For the appellant there were briefs by *Whyte, Hirschboeck & Minahan,* attorneys, and *Victor M. Harding* of counsel, all of Milwaukee, and oral argument by *Mr. Harding.*

For the respondents there were briefs and oral argument by *Chester J. Niebler,* attorney, and *Lawrence J. Binder* of counsel, both of Milwaukee.

BROADFOOT, J. Provision is made for the removal of executors by secs. 312.11 and 324.35, Stats. Both of said sections provide that executors "may be removed" if certain facts are established to the satisfaction of the court. It is the claim of the petitioner Holty that the court abused its discretion in refusing to remove the executors. We hold that upon the record before us the trial court did not abuse its discretion. We wish to make it clear, however, that the entire matter may be reviewed in a further proceeding or at the time the executors file their final account. It is apparent

that the gratuities paid to Mrs. Landauer resulted in personal advantage to her, admittedly so because of tax advantages to be gained by her personally. If the advantages gained by any of the fiduciaries personally were detrimental to others interested in the estate as beneficiaries or otherwise, the rules set out in *Estate of Peabody,* 218 Wis. 541, 260 N. W. 444, and *Estate of Teasdale,* 261 Wis. 248, 52 N. W. (2d) 366, can be applied.

Because of the jurisdictional dispute, because petitioner's examination of corporate records was unduly limited, and because the matter will be heard in circuit court, we affirm the order, but what we have said shall not be considered the law of the case.

The petitioner further contends that the court was without jurisdiction to enter the order of January 8, 1953, dismissing his claim, because he filed the affidavit of prejudice on December 30, 1952. Sec. 253.07 (1) (b), Stats., covers the filing of affidavits of prejudice in county courts. That section provides that only one affidavit of prejudice may be filed in any matter. The petitioner had already filed one affidavit against Judge SHERIDAN. It is now his contention that the prior affidavit was filed in the matter of the objections to the will and that he is entitled to file a second affidavit in the matter of the claim. By his own petition he combined and consolidated both matters. Even though his contention might be correct, and we do not rule thereon, by his own action he consolidated the separate matters so that there was only one matter, and he was thereby limited to the filing of the one affidavit of prejudice.

However, because of the jurisdictional dispute the petitioner has had no hearing upon his claim and we hereby reverse the order of January 8, 1953, dismissing the claim under the discretionary powers afforded us by sec. 251.09, Stats., and direct that the claim be reinstated and held in abeyance pending the outcome of the suit in circuit court.

The executors contend that the court erred in permitting the executor of the Meissner will to testify and in admitting Landauer's prior wills. They claim that this matter is governed by our decision in *Estate of Smith,* 263 Wis. 441, 57 N. W. (2d) 727. We agree that said decision governs, but we do not agree with their analysis of what was said in that decision so far as it is applicable in this case. In the *Smith Case, supra,* this court said (p. 445):

"If such former wills and codicils had been found among the papers of the deceased, which were in her possession at the time of death, such wills and codicils would be admissible in evidence if their contents were otherwise material or relevant to the issue of the controversy being tried, irrespective of the coincidence that the executor who took over the custody of said instruments after the death of testatrix was an attorney and said wills and codicils had been drafted either by him or one of his law partners. Under such a state of facts, the question of whether said wills and codicils constituted privileged communications between client and attorney would not be presented."

The prior wills were in the possession of Meissner at the time of his death. They were not his property, however. Certainly upon his death it was the duty of his executor to return such property to the respondents. As property of the deceased they were admissible so far as material or relevant to the controversy being tried.

The respondents also contend that the court erred in directing the production of corporate records without following sec. 180.43, Stats. Said section refers to the rights of stockholders to examine corporate records, and it is not applicable here. It is not an exclusive statute. The executors were and are directors of the several corporations only by virtue of the stock held by the estate. They are fiduciaries and should disclose all relevant information upon proper showing to the court. There was no error in directing them

to produce such records, and in fact the petitioner's examination of such corporate records was unduly limited.

*By the Court.*—The order of December 17, 1952, is affirmed. The order of January 8, 1953, is reversed and cause remanded for further proceedings consistent with this opinion.

* Motion for rehearing denied, with $25 costs, on September 11, 1953.