THE MIDDLETOWN TRUST COMPANY, ADMINISTRATOR,
*vs.* DAVID A. CROWELL.

First Judicial District, Hartford, January Term, 1915.

PRENTICE, C. J., THAYER, RORABACK, WHEELER and BEACH, Js.

This court will not disturb the action of the trial court in setting aside, or in refusing to set aside, a verdict as contrary to the evidence, where the situation is one peculiarly within the latter's discretion.

An attorney who drafts and attests a written instrument at the request of his client, since deceased, is bound to testify to all the material circumstances attending the transaction, including the reasons given by the client for his action, when its validity is subsequently challenged in court; for the request of the client clearly indicates that he did not contemplate that the attorney would be excused, upon the ground of professional privilege, from meeting the full measure of his obligation incurred by his attestation.

The rule of privilege was made for the benefit of the client and his estate, and does not apply where each party in interest claims under or through the deceased client,—one as his heir at law and the other as his donee by a transfer during his life. Under such circumstances neither party can set up a claim of privilege against the other.

Argued January 5th—decided April 16th, 1915.

ACTION in the nature of trover, with counts to recover moneys alleged to have been obtained from the plaintiff's intestate by means of fraud and undue influence, brought to the Superior Court in Middlesex County and tried to the jury before *Reed, J.;* verdict for the plaintiff for $9,728, which the trial court, upon motion of the defendant, set aside as against the evidence, and from this action the plaintiff appealed. *No error on plaintiff's appeal; error on appellee's exceptions.*

*Gustaf B. Carlson* and *Wesley U. Pearne,* for the appellant (plaintiff).

*Frank D. Haines* and *D. Ward Northrop,* for the appellee (defendant).

WHEELER, J.   The plaintiff is the administrator of the estate of Esther H. Crowell, and seeks in this action to recover of the defendant, a son of Mrs. Crowell, damages resulting to its estate in consequence of the transfer to the defendant by his mother of certain bank deposits, which, it alleges, was procured through the exercise of undue influence by the defendant upon her while she was without legal capacity to make the transfer.

The jury rendered a verdict for the plaintiff on the fourth count, which the court, upon motion of the defendant, set aside and granted a new trial, and the plaintiff appeals for error of the court in setting aside the verdict and granting a new trial.

The allowance or disallowance of the motion to set aside the verdict was in this case, upon the evidence, one peculiarly within the discretion of the trial court, and therefore we cannot find error in the granting of the motion.

The appellee filed a bill of exceptions, and as a new trial is to be had, and the questions presented upon the bill of exceptions will arise again and are material it is our duty, under General Statutes, § 804, to determine the correctness of the rulings so presented.

The bill of exceptions recites: The plaintiff claimed that the defendant procured, by undue influence exercised upon Mrs. Crowell, the mother of the defendant, the transfer to him of the bank deposit which was the subject of the verdict, and thereby prejudiced her grandchildren, who are the real parties in interest represented by the plaintiff.   To refute this claim the defendant offered to prove the reasons given for the transfer by Mrs. Crowell to her attorney, Mr. Northrop,

at a private interview, and for her failure to include her grandchildren in the transfer, and that, during the interview, she gave to her attorney instructions to prepare an instrument making such transfer in accordance with her desires. This instrument was immediately drafted by the attorney and executed by Mrs. Crowell. The instrument was offered and Mr. Northrop was a witness to it. The plaintiff objected to this offer and to proof of statements by either party at this interview relating to this matter, on the ground that the communications were privileged; the court sustained the objection and excluded the offer. The defendant claimed that Mrs. Crowell, by procuring her attorney to witness the instrument, waived the privilege, if one existed, and the court overruled this claim. For similar purposes the defendant offered to prove by Mr. Northrop that Mrs. Crowell stated at the interview her reasons for excluding the grandchildren from participation in the sum which formed the subject of the transfer, but upon a like objection the court excluded the offer. The defendant duly excepted to each of these rulings.

The attorney witnessed this instrument at the request of his client. Called to testify as a witness to the instrument, he was bound to disclose everything which he knew concerning his attestation and the circumstances surrounding and leading up to it. When the issue concerned the validity of the instrument, he could not separate what took place when he attested from what he learned from the deceased about the instrument and its purpose just prior to his attestation. The very fact that his client permitted and requested him to witness the instrument is a certain indication that she did not contemplate that the attorney was debarred from meeting the full obligation of his attestation. An attorney who drafts and witnesses an instrument

is never privileged to withhold the communications of his client to him regarding the instrument which he drafted and whose execution he witnessed in behalf of his client. 4 Wigmore on Evidence, § 2315.

Again, this action in reality is between the grandchildren and the son of the deceased; both claim under the deceased, the one through succession, the other by a transfer in the life of the deceased. The rule of privilege was made for the benefit of the client and exists for him and his estate. In a controversy between parties claiming under a deceased, "the reason for the privilege does not exist, and neither can set up a claim of privilege against the other." *Phillips* v. *Chase,* 201 Mass. 444, 449, 87 N. E. 755.

There is no error.

In this opinion the other judges concurred.