## 18776. BROWN *v.* WESTERN UNION TELEGRAPH COMPANY

STEPHENS, J. 1. Whether or not it is a reasonable regulation, either as a part of the contract or as a rule of the telegraph company, for the telegraph company to exclude from free delivery of telegrams any portion of a city within its legal territorial limits beyond a designated distance from an office of the company in that city, yet, where the rule or regulation provides that the telegraph company will, as the sender's agent, at his request, deliver the message for an extra charge for such service, and where the telegraph company accepts a message for transmission over its wires to a distant city and collects the charges therefor, directed to a person whose address is given as a designated house number on a designated street in that city, and the company, at the time of receiving the message, fails to inform the sender that it will not be delivered free, because the place to which it is directed is beyond the free-delivery limits prescribed by the company in the city to which the message is directed, and the company fails, after the message has been transmitted, to notify the sender that the message can not be delivered because the place to which it is directed is beyond the free-delivery limits in the city to which it is directed, the company by such conduct is negligent and is thereby estopped from setting up the rule,

whether as a reasonable regulation or as a contract right, absolving it from its negligence. Bryan *v.* Western Union Telegraph Co., 133 N. C. 603 (45 S. E. 938) ; Hood *v.* Western Union Telegraph Co., 135 N. C. 622 (47 S. E. 607) ; Lyles *v.* Western Union Telegraph Co., 77 S. C. 174 (57 S. E. 725, 12 L. R. A. (N. S.) 534) ; Western Union Telegraph Co. *v.* Kuykendall (Tex. Civ. App.), 86 S. W. 61. This is true although the sender may know that the sendee's address is more than a mile beyond the office of the telegraph company in the city to which the message is directed. The Federal rule which prevents a waiver or estoppel by a public-service corporation, where such waiver or estoppel operates to give a preference or to effect a discrimination, does not operate to prevent the corporation from becoming estopped, by reason of its own negligent conduct or bad faith, from asserting a contract right, or from relying upon a valid rule or regulation of the corporation, governing the conduct of its business.

2. This being a suit ex delicto by the sender of an interstate message, against the telegraph company, in which the petition prays for nominal damages for the failure by the defendant to deliver the message to the person to whom it was addressed, and, under the above rulings, the evidence authorizing a verdict for the plaintiff in nominal damages, the court erred in awarding a nonsuit. *Western Union Telegraph Co.* v. *Petteway*, 21 *Ga. App.* 725 (94 S. E. 1032) ; *Wright* v. *Smith*, 128 *Ga.* 432 (57 S. E. 684) ; *Sparks Milling Co.* v. *Western Union Telegraph Co.*, 9 *Ga. App.* 728 (72 S. E. 179) ; Civil Code (1910), § 4502.

3 Whether the rule relieving the telegraph company from free delivery of telegraphic messages beyond certain territorial limits was a rule adopted by the interstate commerce commission is not a question presented here, since the evidence fails to disclose the promulgation of such rule by the commission. Robinson *v.* Baltimore &c. Railroad Co., 222 U. S. 506 (32 Sup. Ct. 114, 56 L. ed. 288) ; House *v.* Chicago &c. Railroad Co., 30 S. D. 321 (138 N. W. 809, Ann. Cas. 1915C, 1045) ; Thompson *v.* San Antonio &c. Railroad Co., 11 Texas Civ. App. 145 (32 S. W. 427) ; 23 C. J. 102.

*Judgment reversed. Jenkins, P. J., and Bell, J., concur.*

DECIDED JANUARY 22, 1929. ADHERED TO ON REHEARING, MARCH 2, 1929.

*Porter & Mebane,* for plaintiff.
*Graham Wright, Howell, Heyman & Bolding,* for defendant.