**KENNY, Plaintiff-Appellant, v METROPOLITAN LIFE INS. CO., Defendant-Appellee.**

Ohio Appeals, First District, Hamilton County.

No. 6933.   Decided March 15, 1948.

C. R. Beirne, Cincinnati, for plaintiff-appellant.
Harry E. Marble, Cincinnati, for defendant-appellee.

## OPINION

By MATTHEWS, PJ.:

This action is on three insurance policies, to recover the additional insurance provided by the provision captioned "Benefit In Event Of Death by Accidental Means As Defined Herein," to-wit:

"Upon receipt of due proof that the death of the Insured resulted, independently of all other causes, from bodily injuries caused solely by external, violent, and accidental means, the Company will pay, as an additional death benefit, an amount equal to the amount payable under the Schedule, unless such injuries were sustained while employed in a mine occupation on mine (open pit or underground)' premises, in which case only one half of such additional amount shall be payable. The additional benefit shall be payable only if (a) death occurs within 90 days from the date of such injuries and while premiums are not in default beyond the grace period, and (b) such injuries were sustained by the Insured after attaining age 15 and before attaining age 70. The additional benefit shall not be payable if the Insured's death (a) is caused or contributed to by disease or infirmity, or (b) is the result of self-destruction, whether sane or insane, or (c) is the result of the inhaling of any gas or fumes, whether voluntarily or otherwise, or (d) is the result of travel or flight in any species of aircraft, except as a fare-paying passenger, or (e) is the result of participation in an assault or felony, or (f) occurs while in military or naval service in time of war. The additional benefit shall be reduced by any amount payable as Benefit in Event of Loss of Eyesight or Limbs as a result of the same injuries. This benefit is granted without specific extra premium, the cost being included in the premium for this Policy."

The plaintiff is the widow of the insured and the named beneficiary in the policies.

A jury returned a verdict for the plaintiff for the full amount of the additional insurance provided in the policies. After the rendition of the verdict and before the entering of the judgment thereon, the defendant filed a motion for judgment notwithstanding the verdict. This motion was sustained and judgment entered for defendant. This is an appeal from that judgment.

During the trial, the court permitted two physicians to testify. One of these physicians testified on behalf of the plaintiff and one on behalf of the defendant as to information obtained in the confidential relation of physician for the insured. The defendant objected to the testimony offered by the plaintiff on the ground that its admission violated §11494 GC, and the plaintiff objected for the same reason to the testimony offered by the defendant.

In the entry sustaining the defendant's motion for judgment, the Court recited that: * * * "the Court erred in admitting

medical evidence for the reason that such evidence was privileged by reason of the provisions of §11494 GC; and that in the absence of such evidence, there was not sufficient evidence offered by the Plaintiff to support the essential elements of her claim, and that the defendant is, therefore, entitled to a Judgment, and the Motion is well taken and should be sustained."

At the threshold, two questions are presented by this record. The first is whether the admission of the testimony of the physicians violated §11494 GC, under the circumstances of this case, and the second is whether, in any event, the court was justified in entering judgment for the defendant upon the record here presented. A general outline of the record may be helpful in the solution of these problems.

There is abundant competent evidence in the record, without recourse to any confidential communication, that the insured was a healthy man about 46 years of age and had been performing manual labor for more than a quarter of a century, and was so engaged when, on August 27th, 1945, a hoist fell upon the fore part of his foot, breaking the bones of all the toes and crushing the bones and flesh of the big toe. He was taken at once to a hospital, where his injuries were treated, and in a day or so his foot was placed in a caste. Four days thereafter he was taken home, where he was confined, and in bed most of the time, for 5 or 6 weeks, during which he did not leave the house except to go to his physician for treatment. He walked on crutches. On October 25th, he visited his physician, who, upon examination, discovered that dry gangrene had set in, and that some part of the foot including the big toe should be amputated to prevent the spreading of the poison. The insured was taken home, and on the morning of October 27th, 1945, he died without forewarning to anyone. The plaintiff discovered his critical condition just a few minutes before his death. She had the family physician called and he responded at once, but the record shows contradictory statements as to whether the insured was alive or dead when he arrived.

The plaintiff's theory was and is that some part of the gangrenous membranes became separated, got into the blood stream, was carried along until it reached a blood vessel in the lungs, heart, or brain, which was too small to allow it to pass, thereby producing a clogging or blocking of the blood stream in a vital organ and causing death. There is plenty of competent scientific or expert testimony in the record to support this theory.

We, therefore, conclude that the court erred in sustaining the defendant's motion for judgment, even assuming that

the court was justified in disregarding, on this motion, the testimony of the physicians which was before the jury and upon which it may have relied in reaching a verdict.

By §11601 GC, (116 v. 413), effective on September 2nd, 1935, the court is required to render judgment in disregard of the verdict, when, upon the statements in the pleadings "or upon the evidence received upon the trial", it is found that the party against whom the verdict was returned, is entitled to such judgment.

The method of invoking this power of the court has always been by motion for judgment notwithstanding the verdict, or non obstante veredicto, as it was styled at common law. By §11599-1 GC, (122 v. H. 206), effective September 27th, 1947, it is provided that a motion for judgment notwithstanding the verdict may not be filed after a judgment in conformity to the verdict shall have been approved by the court in writing and filed with the clerk for journalization.

Now what is the issue on a motion for judgment notwithstanding the verdict? It is manifest that it raises the same issue as a motion for a directed verdict made at the close of all the evidence. It is said in **J. & F. Harig Co. v Cincinnati, 61 Oh Ap, 314,** that it is nothing more than an iteration of that motion. And a motion for a directed verdict is "in the nature of a demurrer to the evidence and involves, for its purpose, an admission or assumption of the truth of the evidence supporting the facts essential to the claim of the party against whom the motion is directed as well as an admission of all the facts which the evidence proves or tends to prove or support and all reasonable inferences which a jury might draw therefrom." **39 O Jur, 799.**

In other words, such a motion calls upon the court to determine the one issue of whether there is any evidence of substantial probative value in support of the adverse party's claim or defense. It poses the question of the materiality of the evidence. It does not raise any issue as to the competency of the evidence that has been received.

Reverting to §11601 GC, it will be observed that it is only when the court finds that "upon the evidence received" the party against whom the verdict has been returned is entitled to judgment, that the court is justified in disregarding the verdict and rendering judgment for the movant. The power of the court is not made to depend on **competent** evidence, or **admissible** evidence, but upon evidence that has been **received.** It challenges the sufficiency of the foundation upon which the verdict was returned which, of course, is all the evidence which the jury was permitted to consider.

In **Wilkeson v Erskine & Son, 145 Oh St, 218,** the court had occasion to apply §11601 GC. Quoting from **39 O Jur, 799,** et seq., the court said:—"The trial judge in ruling upon a motion to direct a verdict or for a non-suit on the evidence **introduced** must not only assume the truth of the evidence in behalf of the party against whom the motion is directed, but must construe the evidence most strongly in favor of that party." It will be observed that it is the evidence **introduced** that must be analyzed to determine whether it has any substantial probative value.

We are of the opinion, therefore, that the court was not justified in disregarding any of the testimony of the physicians which had been received in evidence in passing upon the motion for judgment notwithstanding the verdict.

For these reasons, the judgment is reversed and the cause remanded with instructions to overrule the motion for judgment notwithstanding the verdict and for further proceedings according to law.

MATTHEWS, PJ, ROSS & HILDEBRANT, JJ, concur in syllabus, opinion & judgment.