36097. WOOTEN, Guardian, *v.* LIFE INSURANCE COMPANY OF GEORGIA.

DECIDED MARCH 14, 1956—REHEARING DENIED MARCH 28, 1956.

666

*Lawson E. Thompson,* for plaintiff in error.

*Earle Norman,* contra.

TOWNSEND, J. ■ The first special ground of the amended motion for a new trial assigns error on the admission of the testimony of a witness as to fits and convulsions suffered by the insured for a number of years prior to the issuance of the policy

on the ground that the testimony is inadmissible because the defendant is estopped to urge fraud in the procurement of the policy as a defense. Since fraud in the procurement would void the entire policy (Code § 56-824) except as to the life insurance feature which had become incontestable, and since the district manager testified: "This policy includes any disease the insured may have after the policy is issued but excludes any disease which the insured may have had prior to the date of the policy. . . I still contend the policy is in force. We do not pay it because it does not cover that disease," it is obvious that the defendant was not relying on fraud in the procurement as a defense. This assignment of error is accordingly without merit.

■ The second special ground objects to the admission in evidence of the insured's application for the insurance policy on which this action is based, on the ground that neither Ellis Wooten, the insured, nor T. L. Clark, the witness to the application, identified the same and that Clark's signature was not satisfactorily accounted for. It is necessary to produce the subscribing witness where the party executing the written instrument does not testify to its execution (Code § 38-706 (5)) unless the witness cannot be produced and sworn (Code § 38-706(2)). In such case, proof of handwriting may be resorted to by the testimony of any witness who shall swear that he knows or would recognize the handwriting. Code § 38-708. In this case there was testimony that Clark, a former employee of the defendant, could not be located, and a witness testified "I am reasonably sure that this is the signature of Ellis Wooten on this paper shown me. . . I have a mental picture of his signature but don't say that I swear." Anyone who is familiar with the handwriting of another (and the witness stated he was reasonably sure he had seen the insured's signature after he signed it) may testify as to his opinion of its authenticity to the best of his knowledge and belief. *Hawkins* v. *Citizens Bank & Trust Co.*, 18 *Ga. App.* 263 (3) (89 S. E. 450). With this foundation laid it was not erroneous to admit the insurance application in evidence, the credit to be given the witness being for the jury. *Brown* v. *McBride*, 129 *Ga.* 92 (1a) (58 S. E. 702).

■ The plaintiff, in order to show compliance with the terms of the insurance policy, introduced in evidence two "Sickness and

accident claims" signed by Dr. M. E. Smith of the Milledgeville State Hospital. On these forms the question "How long has patient suffered from this disease?" was left unanswered. These forms were dated in September, 1954. The defendant gave the plaintiff notice to produce another such form filled out by Dr. Smith and dated in April, 1954, and the plaintiff produced the same. It appears that on this form the question "How long has patient suffered from this disease" was answered "1938." Objection was made to the introduction of this evidence on the ground that it was hearsay. This objection should have been sustained. None of the forms filled out by Dr. Smith were competent evidence as to the facts therein recited by him, but were merely statements made by one not under oath or subject to cross-examination. The existence of any one of these forms might be relevant to show that the paper existed and had been tendered to the defendant in compliance with policy terms; none of them would be admissible solely for the purpose of proving the statements therein contained as independent facts upon which recovery might be based. At best, it is no more than a record or memorandum of the physician's findings. "Before a memorandum made for the purpose of preserving a record of a given fact or transaction can, in any event, be admitted in evidence as original testimony, it must affirmatively appear that it was made by the witness in connection with whose testimony it is offered, and that testimony must show absolutely the genuineness and correctness of the memorandum." *Phenix Insurance Co.* v. *Hart*, 112 *Ga.* 765 (4) (38 S. E. 67). The contents of this instrument were not admissible to contradict or impeach the contents of the claim forms introduced by the plaintiff for the reason that the contents of the former were inadmissible for the purpose of proving the truth of the statements therein made. Accordingly, a new trial should have been granted on this ground of the motion for a new trial.

■ It was not error to admit the testimony of the agent of another insurance company to the effect that Ellis Wooten told him, in regard to a policy with such company, in 1948, that he had fits; that sick claims were paid to the insured for epileptic fits and convulsions at that time. Since the agent was testifying from his own knowledge and investigation, the testimony was

not subject to the criticism that the claims filed by Wooten were the highest and best evidence of these facts. This ground is without merit.

■ Since the defense rests entirely upon the theory that the illness of the insured, psychosis with epilepsy, is not covered under the terms of the policy because of the fact that the insured suffered from epilepsy at the time he took out the insurance, the defendant insurance company necessarily has the burden of proving that the disease upon which the present claim for benefits is founded existed prior to the date of the application and issuance of the policy. The defendant offered evidence which would have authorized the jury to find he had suffered from epileptic seizures for a number of years prior to the policy date of 1951, including the year 1948, and his present disability and its nature are not disputed. There is, however, no evidence in the record, other than that erroneously admitted in the claim form filled out by Dr. Smith, who did not appear and testify, which shows any continuity between the prior and subsequent seizures of the insured, nor does it appear that he was not in sound health at the time the policy was delivered. This court cannot take judicial notice of the progress of disease or the incidence of illness, and we are unprepared to say, in the absence of any testimony whatever to this effect, that the seizures shown in 1948 and those from which the insured suffered in 1953 were one and the same, with no intervening period of freedom from disease in between. The causal connection between such attacks is a subject for expert testimony and not for judicial notice.

Since the evidence in the record did not demand a verdict for the plaintiff, it was not error to overrule the motion for judgment notwithstanding verdict, but it was error to overrule the motion for a new trial for the reasons set out in division 3 of this opinion.

*Judgment reversed. Gardner, P. J., and Carlisle, J., concur.*

### ON MOTION FOR REHEARING

Plaintiff insists, on rehearing, that since she made out a prima facie case, and since this court held that the evidence relied upon by the defendant to show continuous affliction by epilepsy before and after the execution of the contract of insurance so as to avoid the policy as to this disease was improperly admitted, she is entitled also to have the case reversed on the judgment of the

trial court overruling her motion for a judgment notwithstanding the verdict.

The record as it exists at the close of the trial controls as to whether the verdict should be directed and as to whether the motion for judgment notwithstanding verdict should be granted. Henry Shenk Co. *v.* City of Erie, 352 Pa. 481 (43 Atl. 2d 99); Kotlikoff *v.* Master, 345 Pa. 258 (27 Atl. 2d 35); Heffron *v.* Prudential Ins. Co. of America, 137 Pa. Super. 69 (8 Atl. 2d 491); Youngwood Building & Loan Assn. *v.* Henry, 137 Pa. Super. 124 (8 Atl. 2d 427); Dixon *v.* Metropolitan Life Ins. Co., 136 Pa. Super. 573 (7 Atl. 2d 549). "Under this rule the trial court may not on motion for judgment notwithstanding the verdict eliminate evidence on the ground that it was improperly received at the trial and then dispose of the case on the basis of the diminished record." 49 C. J. S. 171, § 60; Cherry *v.* Mitosky, 353 Pa. 401 (45 Atl. 2d 23); Kenny *v.* Metropolitan Life Ins. Co., 82 Ohio App. 51 (80 N. E. 2d 677). The record here at the time these motions were made contained evidence which, to say the least, would have authorized a verdict for the defendant. That evidence is dealt with in division 3 hereof and it required a motion for a new trial to obtain a ruling that this evidence had been erroneously admitted. Code (Ann. Supp.) § 110-113 providing for motions for judgment notwithstanding the verdict based on a prior motion for a directed verdict is a procedure wholly unrelated to and in no way dependent upon motions for new trials. The effect of a motion for a new trial where sustained is to grant such motion. This means that a new trial is to be had. Courts cannot grant a new trial by reason of an error committed on a former trial and at the same time grant a motion for a judgment notwithstanding the verdict of such former trial. The grant of the latter motion is in conflict with the granting of the former. The plaintiff here asked for a new trial. He also asked for a judgment notwithstanding the verdict. If he got the latter he could not get the former, nor would he want it. He was not in position to get the latter here because of evidence erroneously admitted but which until disposed of stood in the way of this motion. To dispose of this evidence a new trial was asked for by the plaintiff and the same had to be granted.