20516. DeLOACH, Administrator, *v.* MYERS.

ARGUED JUNE 8, 1959—DECIDED JULY 8, 1959—REHEARING DENIED JULY 23, 1959.

*Brannen, Clark & Hester, Erwin A. Friedman,* for plaintiff in error.

*Malcolm Maclean, Connerat, Dunn, Hunter, Cubbedge & Houlihan,* contra.

ALMAND, Justice. On September 17, 1958, Elease B. Myers filed an equitable petition in the Superior Court of Chatham County against Thomas R. DeLoach, as administrator of the estate of Cassie B. Harper, the petition alleging that, during the lifetime of Cassie B. Harper, she had entered into an oral agreement with the plaintiff under which the plaintiff agreed to take care of her, and Cassie B. Harper agreed to make a will leaving all of her property to the plaintiff at her death. The petition alleged that, although the plaintiff had fully performed her part of the contract, Cassie B. Harper failed to execute the will as agreed, and died intestate on April 30, 1958. The plaintiff's prayers were for specific performance of the alleged oral contract, or, if for any reason specific performance was denied, for damages for breach of contract. The defendant denied all of the substantive allegations relating to the plaintiff's cause of action. The petition was amended, and the case proceeded to trial before a jury. At the close of the evidence the defendant moved for a directed verdict in his favor. His motion was denied, and the jury returned a verdict for the plaintiff. The judgment, which vested title to all of the decedent's property in the plaintiff, was entered on February 25, 1959. In due time the defendant filed a motion for a judgment notwithstanding the verdict, and a motion for new trial on the usual general grounds and several special grounds. Error is assigned on the judgments denying these motions.

■ "The record as it exists at the close of the trial controls as to whether the verdict should be directed and as to whether motion for judgment notwithstanding verdict should be granted." *Wooten* v. *Life Ins. Co. of Ga.,* 93 *Ga. App.* 665, 670 (92 S. E. 2d 567). We have carefully examined the evidence adduced at the trial and in the record at the time the motion was made, and find that it did not demand a verdict for the defendant. Ac-

cordingly, the court did not err in denying the defendant's amended motion for a judgment notwithstanding the verdict. Code (Ann.) § 110-113; *Hearn* v. *Leverette*, 213 *Ga.* 286 (99 S. E. 2d 147).

■ Special ground 4 assigns error on the admission in evidence of the testimony of the witness, John W. Sognier. Mr. Sognier testified that he was an attorney at law, and that as such he went to the home of Cassie B. Harper on Saturday, April 26, 1958, for the purpose of obtaining information from her from which to prepare her will. He testified that in a private conversation with the decedent, she requested him to draw a will leaving all of her property to her niece, Elease B. Myers, to the exclusion of her brothers and sisters, who were her closest kin. In reference to the decedent's alleged oral contract to make a will for the benefit of the plaintiff, the witness testified that the decedent had told him: "I want to give it all to Elease; she promised to take care of me and she did take care of me, and I promised to leave her my property, and that's who I want to leave it to." Mr. Sognier testified that he subsequently prepared a will on the basis of this conversation and arranged to return to his client's home on Thursday, May 1, 1958, for the purpose of having said instrument executed by her. Cassie Harper, however, died on Wednesday, April 30, 1958. On cross-examination, the witness admitted that he was representing the deceased and that the relationship of attorney-client had existed between them.

This testimony was objected to on the ground that the relationship of attorney-client existed between the decedent and the witness, and therefore the attorney was incompetent to testify as to his conversations and transactions with his deceased client under Code § 38-1605, which provides: "No attorney shall be competent or compellable to testify, for or against his client, to any matter or thing, knowledge of which he may have acquired from his client, by virtue of his relations as attorney, or by reason of the anticipated employment of him as attorney, but shall be both competent and compellable to testify, for or against his client, as to any matter or thing, knowledge of which he may have acquired in any other manner."

■

It is without question that the attorney-client relationship obtained in the present case between the witness and the decedent, Cassie B. Harper, during the latter's lifetime, and that the testimony elicited from the witness consisted of facts, knowledge of which he acquired from his deceased client by virtue of that relationship. *Freeman* v. *Brewster*, 93 *Ga.* 648, 652 (21 S. E. 165). It is contended by the defendant in error, however, that, regardless of the existence of the relationship during the client's lifetime, under the authority of *O'Brien* v. *Spalding*, 102 *Ga.* 490 (31 S. E. 100, 66 Am. St. Rep. 202), *Yarbrough* v. *Yarbrough*, 202 *Ga.* 391 (43 S. E. 2d 329), and *Waters* v. *Wells*, 155 *Ga.* 439 (117 S. E. 322), Code § 38-1605 has no application to the competency of an attorney to testify about instructions received from his deceased client as to drawing the latter's will.

The question for our decision is: Is an attorney, employed by a person to draw a will, competent to testify, under the provisions of Code § 38-1605, as to conversations with his deceased client relating to instructions in drafting a will, *which was never executed,* in an action by one against the administrator of the client's estate, seeking specific performance of an alleged oral contract between the plaintiff and the deceased client, to devise all of her estate to the plaintiff? We have found no reported case where this precise question has heretofore been before this court.

In the *O'Brien* case, supra, it was held that the act of August 4, 1887, embodied in section 5271 of the Civil Code (now Code § 38-1605) had no application to the competency of an attorney as a witness in a *probate proceeding* with respect to essential facts attending the execution of a will in the preparation and as to the attestation of which he rendered professional services. In justification of this exception to the operation of the statute, the court said, at page 495 of the opinion: "Nor can it be said that, in a controversy of this nature, the attorney drafting the will is called upon to testify 'for or against' the interests of his client's estate. On the contrary, the proceeding is simply one in which certain persons claiming under, and not adversely to, the 'client' seek to have an investigation made into the circumstances attending the execution of the instrument offered for probate, in

order that their rights in the premises may, as against the persons represented by the propounder, be finally adjudicated." This decision was followed in *Yarbrough* v. *Yarbrough*, 202 *Ga.* 391, supra. In *Waters* v. *Wells*, 155 *Ga.* 439, supra, it was further held that the above act had no application to the competency of an attorney as a witness with respect to essential facts attending the execution of a will in the preparation of which he rendered professional services, in an action to recover land brought by the testator's son against the testator's daughter, both of whom claimed the disputed land under the testator by virtue of separate deeds to the land from him.

These cases are sound in principle and in complete harmony with the long-established and well-recognized exception to the common-law rule of privileged communications, that communications by a client to the attorney who prepared his will, in respect to that document, and transactions occurring between them and leading up to its execution, are not, after the client's death, within the protection of the rule, in a suit between the testator's devisees and heirs at law, or other persons who claim under him. Russell *v.* Jackson, 9 Hare. 387 (68 Eng. Reprints 558) ; Glover *v.* Patten, 165 U. S. 394 (17 S. Ct. 411, 41 L. Ed. 760) ; Annotation, 64 A. L. R. 184.

If the decedent's proposed will had been executed, and if the present controversy was one between the plaintiff, as legatee or devisee under the will, and the heirs at law of the decedent, then without question, under the *O'Brien* case, supra, Code § 38-1605 would have no application with respect to the attorney's testimony concerning essential facts attending the preparation and execution of the will. That, however, is not the case here. The plaintiff in the present action is not claiming under or through the decedent by virtue of an executed will, but is seeking to enforce a claim, based on an alleged contract, against and adverse to the interests of the decedent's estate. The defendant, as administrator and personal representative of the decedent's estate, is standing here in her stead to protect the interests of her estate. *Agricultural Finance Corp.* v. *Bates*, 171 *Ga.* 230, 233 (155 S. E. 32). And the testimony elicited from the deceased's attorney, in an effort to establish the claim against her estate, did not per-

tain to essential facts attending the preparation and attestation of a *completed and executed will*, but of the draft of a paper, which, perhaps, expressed the final desires of the decedent as to the disposition of her property, but was never read to, seen or executed by her.

The distinction between the rule that an attorney who prepared a will, subsequently executed, is competent to testify as to conversations with the testator, in a suit in which all of the parties are claiming under him, and the facts of the present case, is clearly pointed out in Doyle *v.* Reeves, 112 Conn. 521, 525 (152 A. 882): "Unless otherwise provided by statute, communications, by a client to the attorney who drafted his will, in respect to that document and transactions between them leading up to its execution, are not privileged, after the client's death, in a suit between devisees under the will and heirs at law, or other parties who all claim under him. The principal reason is that the general rule is designed for the protection of the client, and it is deemed not for the interests of the testator, in a controversy between the parties, all of whom claim under him, to have those declarations and transactions excluded which promote a proper fulfillment of his will. Also a witness to a will, although attorney for the testator, is permitted to disclose everything which he knew concerning his attestation and the circumstances surrounding and leading up to it. Middletown Trust Co. *v.* Crowell, 89 Conn. 290, 292, 93 A. 785; 28 R. C. L. p. 550; 5 Wigmore on Evidence (2d Ed.) §§ 2314, 2315; 17 L. R. A. (N. S.) 108, note.

"The conditions underlying and essential to these relaxations of the general rule are not met by the situation before us. We are not dealing with a completed and executed will, but with a mere draft never executed by the decedent or even, so far as appears, read to and approved by him. Also the action is one between the testator's representative and a stranger, in legal contemplation, not claiming under him. 17 L. R. A. (N. S.) page 111, note."

Clearly, the conditions essential to the inoperation of the statutory prohibition against an attorney testifying for or against his client, as set out in the *O'Brien* and *Waters* cases, both supra, are not present in the instant case; and we can find no recog-

nized exception or limitation justifying the admission of the communications in question. For these reasons we are of the opinion that, under the mandate of Code § 38-1605, the trial court erred in allowing the decedent's attorney to testify as to confidential communications arising out of the preparation of an unexecuted will for her, in this action for specific performance of an alleged oral contract to make a will, brought against her administrator and adverse to the interests of her estate. For the reported cases from other jurisdictions in which the attorney's testimony was held inadmissible in like situations, see Doyle v. Reeves, 112 Conn. 521, supra; Booher v. Brown, 173 Ore. 464 (146 P. 2d 71); Ehling v. Diebert, 128 N. J. Eq. 115 (15 A. 2d 655); In Re Smith's Estate, 263 Wis. 441 (57 N. W. 2d 727); Runnels v. Allen's Adm'r., (Mo. App.) 169 S. W. 2d 73; Anderson v. Searles, 93 N. J. L. 227 (107 A. 429); Lennox v. Anderson, 140 Neb. 748 (1 N. W. 2d 912).

■ The remaining special grounds and general grounds assert that the evidence was not sufficient to establish the existence of the alleged oral contract, or to show performance on the part of the plaintiff. The only evidence, other than the testimony of the decedent's attorney, which was erroneously admitted by the court, relied upon by the plaintiff to establish the existence of the alleged contract, consisted of the testimony of several witnesses to the effect that they had heard of an "agreement" between the plaintiff and the decedent; and, in the absence of the attorney's testimony, the evidence was unquestionably too vague, indefinite, and insufficient to support a verdict for the plaintiff. *Salmon* v. *McCrary*, 197 *Ga.* 281 (29 S. E. 2d 58).

Accordingly, the trial court erred in denying the defendant's motion for a new trial, and that judgment must be

*Reversed. All the Justices concur.*