41070. SIMS, Administrator v. SOUTHERN BELL
TELEPHONE & TELEGRAPH COMPANY, INC.

DECIDED MARCH 17, 1965.

*Donald E. Austin, Robert R. Cook,* for plaintiff in error.

*Bouhan, Lawrence, Williams & Levy, Frank W. Seiler, Walter
C. Hartridge, II,* contra.

FELTON, Chief Judge. The testimony of the defendant's deponents was to the effect that, in such an installation as was here involved, the obligation or responsibility of the defendant company stops at the termination point or connection block, which in this case was the telephone booth; that, although the company sometimes provides the customer with the wire leading from the connection, as it did here, it is not concerned with any installation beyond such connection; that such installations are controlled by various pertinent Federal Communications Commission tariffs, the exact designation and provisions of which were not known to the deponents.

The *testimony* as to the supposed provisions of the FCC

tariffs was not sufficient to authorize the granting of the motion for summary judgment. Certified copies of these tariffs must be produced as the highest and best evidence of their provisions. *Town of Pelham v. Pelham Telephone Co.*, 131 Ga. 325 (62 SE 186). A portion of one tariff allegedly pertaining to the present case is quoted by counsel for the defendant in the brief before this court. In order to consider these tariffs in their entirety in ruling on the judgment of the court granting the summary judgment, it would be necessary for this court to take judicial notice of the tariffs, a thing which this court cannot do.

The contents of the Federal Register and the Code of Federal Regulations are required by law to be judicially noticed. 49 Stat. 502, 67 Stat. 388; 44 U.S.C. §§ 307, 311. Although the Administrative Procedure Act, § 3, 60 Stat. 237, 5 U.S.C.A. § 1002 (a), requires each agency to publish in the Federal Register descriptions of its organization, delegations of authority, general methods of operation, substantive rules, etc., it excludes therefrom rules addressed to and served upon named persons. Although notice of amendments and the subject matter of new tariffs is published in the Federal Register, the body of such tariffs is filed with the FCC by the particular carrier to which the tariff applies, and this information is not published for general distribution. We have found no binding authority requiring judicial notice to be taken of such matters. The case of *Lilly v. Grand Trunk Western R. Co.*, 317 U.S. 481 (63 SC 347, 87 LE 411), held that a rule adopted by the Interstate Commerce Commission acquires the force of law and becomes an integral part of the Act, which must be judicially recognized by the State appellate courts, whether or not it was called to the attention of the trial court. The tariffs in question, in our opinion, do not amount to rules such as must be judicially noticed, in that they are not of sufficient general application or publication. Although the Federal courts, and many State courts as well, have frequently taken judicial notice of such matters, other State courts have declared that the doctrine of judicial notice would not require them to take notice of the vast number of Federal and State regulations, infinite in variety and subject to frequent amendment. See cases annotated under West's General Digest,

Evidence, Key No. 47 and 31 CJS 978, Evidence, § 39. The courts of this State have refused to take judicial cognizance not only of the rules and regulations of the various State administrative agencies, *Davis v. General Gas Corp.*, 106 Ga. App. 317, 320 (126 SE2d 820) and cit., but of some Federal administrative agencies. *Hartwell R. Co. v. Kidd*, 10 Ga. App. 771, 774 (4) (74 SE 310), *Brown v. Western Union Tel. Co.*, 39 Ga. App. 152, 153 (3) (147 SE 151). Although the trend seems to be to extend the doctrine of judicial notice to the "new field of facts . . . capable of *immediate* and accurate demonstration by resort to *easily accessible* sources of indisputable accuracy," under our tradition of party-presentation the extent of the courts' willingness to take the initiative in looking up the authoritative sources will usually be limited. McCormick on Evidence, 691, § 325. (Emphasis supplied). This is especially true in a case such as the present one, where the source is on file only with the carriers and the FCC office in Washington, D. C., hence not easily accessible to the courts.

It follows that the court erred in granting the motion for a summary judgment based on the hearsay evidence as to the provisions of the FCC tariffs. If such tariffs are produced and are found to limit the sphere of the defendant's responsibility in such installations to the extent testified to by the defendant's deponents, a subsequent grant of a summary judgment in favor of the defendant would be demanded, provided that the facts are otherwise the same as in this record. In such event, the evidence that an agent or agents of the defendant participated in the installation of the wire leading from the connection point would not authorize a finding of liability on the part of the defendant, since such acts would not be within the scope of their employment.

*Judgment reversed. Jordan and Russell, JJ., concur.*