## 63997. CONSOLIDATED FREIGHTWAYS CORPORATION OF DELAWARE v. SYNCROFLO, INC.

QUILLIAN, Chief Judge.
This is an action to recover for shipping damages.
On March 31, 1980 appellee Syncroflo shipped some equipment (a pumping system) from Atlanta to a customer in St. Louis, Missouri, on a shipping order (bill of lading) consigned to appellant interstate motor carrier. On arrival the equipment was found to have been damaged in shipping. Appellant issued a delivery receipt stating that the equipment arrived damaged and was being returned for credit and inspection against a possible claim. When the damaged equipment was returned, appellee's production manager listed on the delivery receipt the items damaged and the receipt was signed by the manager and appellant's driver. Appellant then employed a claims adjusting service to make an inspection and report of loss. An ensuing report of damage was signed by the inspector and appellee's production manager, a copy given to appellee and the remaining copies retained by appellant's inspector. On February 11, 1981, appellee sent appellant a letter claiming damage to the equipment in excess of $5,000. Appellant then informed appellee that its claim was

barred by a nine-month time limitation in the bill of lading. Appellee thereupon commenced this action to recover for the damage to its equipment. Trial was had in which the trial court directed a verdict for appellee on liability, denied appellant's motion for directed verdict and entered judgment for appellee on the jury's verdict of $5,005.95, from which this appeal is taken. *Held:*

1. It is asserted that the direction of a verdict on liability for appellee was error because the trial court excluded evidence of a nine-month limitation of time for filing the claim, with which appellee had not complied.

The shipping order signed by representatives of both parties and which was in effect when the damage occurred, contained the following language: "Received, subject to the classifications and tariffs in effect on the date of the issue of this Bill of Lading . . . the property described below . . . It is mutually agreed, as to each carrier . . . and as to each party at any time interested in all or any of said property, that every service to be performed hereunder shall be subject to all the terms and conditions of the Uniform Domestic Straight Bill of Lading set forth . . . (2) in the applicable motor carrier classification or tariff if this is a motor carrier shipment. Shipper hereby certifies that he is familiar with all the terms and conditions of the said bill of lading, including those on the back thereof, set forth in the classification or tariff which governs the transportation of this shipment, and the said terms and conditions are hereby agreed to by the shipper and accepted for himself and his assigns."

To authenticate or identify for admission in evidence the applicable motor carrier classification which was incorporated by reference in the shipping order, appellant presented the testimony of Jerry Ard, its Atlanta office manager. He testified that the motor freight classification referred to in the shipping order was the National Motor Freight Classification book, which contained the rules used in the shipping industry and included the Uniform Domestic Straight Bill of Lading. He identified defense exhibit 8, National Motor Freight Classification 100-F, as the classification which was in effect when the shipment occurred. He also identified specific pages of the exhibit showing its title and the Uniform Domestic Straight Bill of Lading containing the nine-month limitation for filing of claims for damage or loss. The trial court refused to admit in evidence the relevant pages of the exhibit but allowed them to be included in the record.

We find this evidence was sufficient authentication to authorize the admission in evidence of the relevant portions of the National Motor Freight Classification 100-F and that the trial court erred in refusing to admit such evidence.

"The process known as authentication of writings is the means by which a writing is shown to be in fact what it purports to be in order to introduce it in evidence. Before the judge can receive a writing in evidence it must be authenticated or identified in proper fashion ... A writing does not speak for itself. Proof must be offered to show that it is authentic. 'Authentic' here does not mean a showing that it is in fact a valid instrument. It is a matter of identification, or showing that this writing is the one in question. The validity of the writing may still be attacked after it has been sufficiently authenticated to admit it in evidence." 11 EGL 358, Evidence, § 47, citing McCormick, Evidence, §§ 218, 219; 32 CJS Evidence, § 733; 29 AmJur2d, Evidence, § 849.

Contrary to appellee's contention we also find that the Uniform Domestic Straight Bill of Lading was incorporated by reference in the shipping order, the signed contract between the parties.

"Where a writing refers to another document, that other document, or as much of it as is referred to, is to be interpreted as part of the writing." 4 Williston on Contracts, 3d Ed. 901, § 628.

"It is not important in what language reference is made; it is certainly enough if a plain reference is made by a document signed by the party to be charged, whatever its nature, to any other writing." Id. at 136, § 581.

"As a matter of contract law, incorporation by reference is generally effective to accomplish its intended purpose where, as here, the provision to which reference is made has a reasonably clear and ascertainable meaning. [Cits.]" *Binswanger &c. Co. v. Beers &c. Co.,* 141 Ga. App. 715 (2), 717 (234 SE2d 363).

Accordingly, since the trial court erred in excluding evidence of appellant's only defense to its liability on appellee's claim, it was also error to direct a verdict for appellee as to liability.

2. Appellant contends the trial court erred in denying its motion for a directed verdict based on appellee's noncompliance with the contractual nine-month limitation for making a claim.

"The record as it exists at the close of the trial controls as to whether the verdict should be directed ..." *Wooten v. Life Ins. Co. of Ga.,* 93 Ga. App. 665, 670 (on motion for rehearing) (92 SE2d 567).

When appellant moved for a directed verdict there was no evidence before the court that there was any contractual time limitation for making a claim as the court had refused to admit such evidence. Therefore, the trial court did not err in failing to direct a verdict for appellant. Compare, *Wooten v. Life Ins. Co. of Ga.,* supra; *DeLoach v. Myers,* 215 Ga. 255 (1) (109 SE2d 777).

3. The remaining allegations of error either need not be

considered in view of the foregoing findings or are not meritorious.

*Judgment reversed. Shulman, P. J., concurs. Carley, J., concurs specially.*

DECIDED SEPTEMBER 9, 1982 —
REHEARING DENIED NOVEMBER 5, 1982 —

*John W. Winborne III, Robert L. Bunnen, Jr.,* for appellant.
*Thomas L. Murphy,* for appellee.

CARLEY, Judge, concurring specially.

I agree with the majority that the trial court erred in excluding appellant's evidence of the "applicable motor carrier classification." I do so, however, only because this was not a true tariff subject to authentication only by use of certified copies as required by *Sims v. Southern Bell Tel. & Tel. Co.,* 111 Ga. App. 363, 364 (141 SE2d 788) (1965).