A89A0753. LISLE v. BANK OF LOGANVILLE.

(382 SE2d 675)

SOGNIER, Judge.

The Bank of Loganville brought suit against F. W. Lisle to recover the balance due on a note executed by the Loganville Factory Outlet (LFO) and allegedly personally guaranteed by Lisle. The trial court entered judgment on the jury's verdict of $49,234.76, and Lisle appeals.

Construed to uphold the jury's verdict, the evidence adduced at trial disclosed that on July 19, 1983 LFO executed a promissory note for a $50,000 line of credit from appellee. The note was signed by appellant and Larry Beall in their capacities as officers of LFO, and was renewed three times by the execution of identical notes. Charlie Kelley, appellee's chairman, Stanley Kelley, appellee's president, and Beall all testified that both Beall and appellant signed personal guarantees for the first three notes, and that Beall executed a guaranty agreement for the last renewal but appellant never signed that guaranty despite having agreed to do so. The guaranty agreements, which were printed on the reverse side of each note, provided in pertinent part: "For value received the undersigned . . . hereby unconditionally guarnatee(s) (sic) the payment of the Note . . . and all extensions or renewals thereof . . . ." The bank officials testified they were unable to produce the guarantees at trial because each original note had been sent to LFO as a renewal note was executed, and LFO did not produce the notes in response to an earlier notice to produce. They testified further that although appellee had a standard procedure of microfilming loan documents upon execution, during the relevant time period the bank employee in charge of microfilming had failed to copy the back sides of notes issued by appellee, and thus appellee had no copies of the guaranty agreements at issue. Appellant denied having signed any personal guarantees, and testified that he had not produced the notes and guarantees in response to appellee's notice to produce because he did not have the notes and because no guaranty agreements existed. Beall testified that when LFO first defaulted, he observed appellant search his files for the notes and guarantees and vow to burn them if he located them.

1. Appellant contends the trial court erred by admitting into evidence carbon copies of the four promissory notes in derogation of the best evidence rule. This enumeration is without merit. Even assum-

ing, without deciding, that the documents admitted were not the highest and best evidence of the existence of the notes, appellant did not contest the existence of the notes (as opposed to the guarantees) or the terms thereof. "Thus, since the only effect of the evidence complained of was to establish a state of facts which the [appellant] admitted to be true, the admission of such [evidence] can not be held to be harmful error." *Steinhauer & Wight v. Adair*, 20 Ga. App. 733, 735 (4) (93 SE 280) (1917); see *Battle v. Braswell*, 107 Ga. 128, 130 (1) (32 SE 838) (1899).

2. Appellant next enumerates as error the admission into evidence of a conformed copy of the guaranty agreement on the grounds that the document was a "forgery," that it was not authenticated, and that its admission was unduly prejudicial. We do not agree.

The transcript reveals that after establishing that each guaranty agreement was contained on the reverse side of the corresponding promissory note, that the originals could not be produced, and that the guaranty agreements had not been microfilmed due to a clerical error, appellee then tendered a copy of the form guaranty agreement that was printed on the back of each note at issue. This exhibit had Beall's signature and the designation "s/ F. W. Lisle" on the other signature line, which the testimony established was done by appellee's counsel for demonstrative purposes. The document was properly authenticated through Charlie Kelley's testimony that the document was a fair representation of the guarantees signed by appellant. See *Consolidated &c. Corp. v. Syncroflo, Inc.*, 164 Ga. App. 275, 276-277 (1) (294 SE2d 643) (1982). There is no question of forgery or prejudice because the witness unequivocally stated that appellant did not sign the exhibit. See OCGA § 16-9-1 (a).

3. Appellant's enumerations 2, 3, and 5 concerning the sufficiency of the evidence and the court's charge to the jury are without merit in view of our decisions in Divisions 1 and 2, supra, as well as this court's ruling in a prior appearance of this action, *Bank of Loganville v. Lisle*, 187 Ga. App. 763 (371 SE2d 215) (1988).

*Judgment affirmed. Banke, P. J., and Pope, J., concur.*

DECIDED MAY 16, 1989 —
REHEARING DENIED MAY 30, 1989 — 

*Webb, Fowler & Tanner, Anthony O. L. Powell*, for appellant.
*Charles R. Hager III*, for appellee.