A95A0023, A95A0024. WRIGHT v. MILLINES; and vice versa.

(458 SE2d 488)

BEASLEY, Chief Judge.

Wright sued Millines, a resident of Fulton County, and McMichael, a resident of Douglas County, to recover for personal injuries sustained in a vehicular collision.

Wright was a passenger in a car driven by Millines. When Millines proceeded into an intersection regulated by a traffic-control signal, her car was struck by a truck driven by McMichael. Wright charged both Millines and McMichael with "acts of negligence, including, but not limited to, failure to stop at a traffic control device, failure to yield the right of way, failure to operate (their vehicles) in a safe manner, failure to maintain a proper lookout, and such other and further acts of negligence as may be shown at trial." Wright testified the traffic signal was green in Millines' direction but that he saw McMichael's truck was not stopping and yelled to Millines that the truck was going to hit them. Both defendants testified the light was green in their respective directions and offered witnesses to support their testimony. Both filed cross-claims, alleging that the negligence of the other was the sole proximate cause of any damage suffered by Wright.

At trial, Millines moved for a directed verdict at the close of Wright's evidence, which the court took under advisement. The motion was renewed, and denied, at the close of the case. The jury returned a $250,000 verdict in Wright's favor against both defendants jointly and severally.

Without entering judgment on the verdict, the court sua sponte granted the directed verdict sought by Millines, notwithstanding the jury's verdict. Wright appealed, and Millines cross-appealed. We held that the trial court should not have entered a j.n.o.v. prior to the entry of judgment on the verdict; we reversed the judgment with the direction that judgment be entered on the jury verdict, with Wright then being entitled to pursue his post-judgment remedies; and we dismissed the cross-appeal. *Wright v. Millines*, 204 Ga. App. 111 (418 SE2d 453) (1992), overruled *Continental Ins. Co. v. State Farm &c. Co.*, 212 Ga. App. 839, 840 (1) (443 SE2d 509) (1994).

On remand, the court entered judgment on the verdict and later granted Millines' motion for j.n.o.v. based upon its error in denying her motion for directed verdict at the close of Wright's evidence. Because of the latter ruling, the court did not consider Millines' motion for new trial, but it denied McMichael's similar motion. McMichael then moved for the transfer of the action to Douglas County on the ground that venue was no longer proper in Fulton County, and the court set aside the verdict against McMichael and transferred the case as requested.

Wright filed direct appeals from the order granting Millines' mo-

tion for j.n.o.v. and from the transfer order. We dismissed those appeals on the grounds that there was no final judgment because the case remained pending in the Douglas Superior Court, and Wright had not complied with the interlocutory appeal procedure of OCGA § 5-6-34 (b). *Wright v. Millines,* 212 Ga. App. 453 (442 SE2d 304) (1994). Wright did not raise any issue as to the trial court's failure to comply with Uniform Superior Court Rule 19.1 (C). In accordance with this rule, when the trial court granted McMichael's motion to transfer venue, it should have severed the claim against Millines so that the order granting Millines' motion for j.n.o.v. would be final for purposes of appeal.

On remand, the Douglas Superior Court entered an order certifying the order granting Millines' motion for j.n.o.v. as a final judgment under OCGA § 9-11-54 (b).

In Case No. A95A0023, Wright appeals the grant of Millines' motion for j.n.o.v. In Case No. A95A0024, Millines has filed a cross-appeal.

## Case No. A95A0023

1. Wright contends the court erred in rejecting his argument that it was required to consider the entire record at the close of the trial in order to determine whether a j.n.o.v. should have been granted. This is correct. *DeLoach v. Myers,* 215 Ga. 255, 256 (1) (109 SE2d 777) (1959); *Bullard v. Carreras,* 183 Ga. App. 539, 541-542 (3) (a) (359 SE2d 429) (1987); *Wooten v. Life Ins. Co. of Ga.,* 93 Ga. App. 665, 670 (92 SE2d 567) (1956). Where the plaintiff's evidence is insufficient as a matter of law and the trial court erroneously denies a motion for directed verdict made at the close of the plaintiff's evidence but the defense later submits evidence remedying the insufficiency in plaintiff's proof, the error by the court in denying the motion is cured.

The trial court took a contrary view because of the holding that "the sole purpose of a motion for judgment notwithstanding the verdict is to permit the court to review and reconsider [its] ruling on the antecedent motion for a directed verdict." *Shetzen v. C. G. Aycock Realty Co.,* 93 Ga. App. 477, 479 (1) (b) (92 SE2d 114) (1956). OCGA § 9-11-50 (b) states: "Whenever a motion for a directed verdict made at the close of all the evidence is denied or for any reason is not granted, the court is deemed to have submitted the action to the jury subject to a later determination of the legal questions raised by the motion." See *Steinberg v. City of Atlanta,* 213 Ga. App. 491, 492 (1) (444 SE2d 873) (1994); *Horton v. Ammons,* 125 Ga. App. 69 (1) (186 SE2d 469) (1971). On motion for j.n.o.v. the court is to review its ruling on the motion for directed verdict made at the close of all the evidence rather than the one made at the close of plaintiff's evidence.

McMichael presented evidence from which the jury was authorized to find Millines negligent in failing to yield the right-of-way to him, in that the traffic light was green in his direction. Consequently, even if Wright's testimony was insufficient to authorize an inference that Millines was negligent in some other regard, the court erred in granting Millines' motion for j.n.o.v. *Bullard*, supra at 542. Where the evidence does not demand a particular finding, a j.n.o.v. may not be granted. *Coates v. Mulji Motor Inn*, 178 Ga. App. 208, 209 (2) (342 SE2d 488) (1986).

## Case No. A95A0024

2. Millines contends that the court erred in not giving her request to charge the jury, under the authority of *Prophecy Corp. v. Charles Rossignol, Inc.*, 256 Ga. 27, 28 (343 SE2d 680) (1986), that the testimony of a party who offers himself as a witness in his own behalf is to be construed most strongly against him when self-contradictory.

Millines did not seek the requested charge because of a contradiction in Wright's testimony, but because of an asserted contradiction between the allegation in his pleadings that she was negligent and his testimony that she had the right-of-way, was in the proper lane of traffic, and was not speeding. Allegations in pleadings are not evidence. Moreover, Wright also testified that he saw that McMichael's truck was coming too fast to stop and alerted Millines to this fact; his theory of recovery is that she was negligent in failing to heed his warning. Since there was no contradiction in his testimony, the court did not err in refusing to give the requested charge.

3. In related enumerations, Millines contends that she is entitled to judgment because no evidence was introduced to prove that orthopedic surgery performed on Wright was related to collision injuries.

These enumerations are premised on the absence of any testimony by the orthopedic surgeon. Wright testified that prior to the collision, he had a perfect work attendance record and did not suffer any physical problems or disabilities. In the collision, a metal rod lodged in his right shoulder. Several days later, he was seen by his primary care physician, who testified that he had substantial damage to his right shoulder and was unable to maintain his arm while it was abducted, a clear sign of probable rotator cuff tear. This physician testified that he then referred Wright to the orthopedist and that after Wright had undergone physical therapy, it was decided that surgery was indicated. This testimony authorized the jury to find that there was a causal connection between the surgery and the incident injuries. Compare *Eberhart v. Morris Brown College*, 181 Ga. App. 516, 517 (1) (352 SE2d 832) (1987).

4. Millines contends the deposition testimony of a radiologist was

inadmissible because: (1) no foundation was laid to show that the MRI film which he interpreted was that of Wright, and (2) he could not state that what he found was caused by the collision.

At trial, Millines objected to the deposition on the ground that the MRI film had not been properly authenticated as that of Wright. The court reserved ruling on the objection.

During his deposition, the radiologist testified that although he did not personally examine Wright, he interpreted the MRI study of Wright's right shoulder, which study was submitted to him for evaluation pursuant to an established hospital protocol. He further testified that the history he was provided was right shoulder contusion and that this history, in conjunction with indications of edema found by him, evidenced a partial rotator cuff tear constituting a recent injury. On cross-examination, he also testified that rotator cuff tear can be caused by repetitive exertion such as that engaged in by Wright in his job or by degenerative changes and that he could not medically rule these out as causes of Wright's injury. At the conclusion of the reading of the radiologist's deposition, the MRI film, identified as Wright's, was offered into evidence without objection.

Millines thus waived her objection on the ground that there was no foundation for admission of the MRI film, and the radiologist's testimony authorized the jury to find that the rotator cuff tear was caused by the recent collision.

5. Millines contends that the court erred in failing to give her request to charge the jury that if it found from the evidence that plaintiff's pain and suffering was not due to the collision but was due to a pre-existing injury, it would be authorized to find for the defendant.

She maintains that such a charge was raised by the radiologist's testimony that he could not medically rule out repetitive exertion or degenerative changes as causes of Wright's injury, and by like testimony from Wright's primary care physician.

Wright testified that he did not in fact have any pre-existing injury, and neither of these doctors nor any of defendant's witnesses testified otherwise. There being no evidence of any pre-existing injury, the court did not err in refusing to give the jury this charge. *Anthony v. Anthony*, 120 Ga. App. 261, 265 (4) (170 SE2d 273) (1969).

6. Millines contends that the $250,000 verdict was excessive as a matter of law.

Wright submitted evidence of approximately $23,400 in past lost wages and of approximately $220,000 in future lost wages, as well as medical expenses in the approximate amount of $11,900. This evidence authorized the verdict, which does not fall upon application of the test: " '[a] verdict will not be set aside by this court as excessive,

unless it manifestly appears from the record that it was the result of prejudice, bias, corruption, or gross mistake.' [Cit.]" *Atlanta Veterans Transp. v. Cagle*, 106 Ga. App. 551 (3) (127 SE2d 702) (1962).

7. Millines contends that the court erred in allowing the deposition testimony of McMichael's witness to be read into evidence, inasmuch as she was not shown to be dead, out of the county, unavailable, or under subpoena as required by OCGA § 9-11-32.

The court allowed the deposition to be used after McMichael's attorney stated in his place that this witness resided out of the county. This was a sufficient showing of unavailability. *Sheffield v. Lockhart*, 151 Ga. App. 551, 553 (2) (260 SE2d 416) (1979). It not appearing that the absence of this witness was procured by McMichael, the court did not err in allowing her deposition to be used under OCGA § 9-11-32 (a) (3) (B).

8. Finally, Millines contends that the Douglas Superior Court erred in certifying the Fulton Superior Court's order granting her motion for j.n.o.v. as a final judgment, since the order was final in the absence of such certification.

This contention is laid low by our decision in *Wright v. Millines*, 212 Ga. App. 453, supra.

*Judgment affirmed in Case No. A95A0024. Judgment reversed in Case No. A95A0023. Pope, P. J., and Ruffin, J., concur.*

DECIDED MAY 22, 1995.

*Brent, Woodland, Redic & Sweetnam, Dennis J. Redic,* for appellant.

*Greer, Klosik & Daugherty, Richard E. Greer, Robert J. McCune,* for appellee.